UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANTHONY H. FLINT, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 4:11CV1977 JCH |
| | ) |
| PENNY MILBURN, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Missouri State prisoner Anthony H. Flint's pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter is fully briefed and ready for disposition.

On September 23, 2008, Petitioner pled guilty in the 34th Judicial Circuit Court of New Madrid County, Missouri, to one count of robbery in the first degree, one count of armed criminal action, and one count of assault in the second degree. (Resp. Exh. B, PP. 31-32). Petitioner was sentenced to concurrent terms of thirty years imprisonment on the robbery and armed criminal action convictions, and an additional concurrent term of seven years on the assault conviction. (Id.). Petitioner did not appeal his convictions or sentence. Petitioner thereafter filed a motion for post-conviction relief pursuant to Missouri Supreme Court Rule 24.035, which was denied following an evidentiary hearing. (Id., PP. 44-52). The Missouri Court of Appeals affirmed the denial of Petitioner's post-conviction motion. *Flint v. State*, 341 S.W.3d 688 (Mo. App. 2011).

Petitioner is currently incarcerated at the Southeast Correctional Center in Charleston, Missouri. In the instant petition for writ of habeas corpus, Petitioner raises the following three claims for relief:

> (1) That Petitioner's guilty pleas were not voluntary and intelligent, in that they were coerced by defense trial counsel;
>
> (2) That the trial court erred in accepting Petitioner's guilty pleas without a sufficient factual basis; and
>
> (3) That Petitioner received ineffective assistance of counsel, in that trial counsel failed to investigate potential defense witnesses, failed to pursue Petitioner's claim of involuntary intoxication, and failed to investigate Petitioner's mental status at the time of the crimes.

(§ 2254 Petition, PP. 6-11).

## DISCUSSION

**I. Procedural Default**

As stated above, in Grounds 1 and 3 of his petition, Petitioner asserts that he was coerced by counsel to accept a guilty plea (Ground 1), and that he received ineffective assistance of counsel, in that trial counsel: (1) failed to investigate potential defense witnesses; (2) failed to contact mental health persons and obtain records and information as to Petitioner's mental status when he committed the crimes; and (3) failed to investigate Petitioner's claim of involuntary intoxication (Ground 3). (§ 2254 Petition, PP. 6-11). Although Petitioner raised the claims asserted in Grounds 1 and 3 in his post-conviction motion, a review of the record reveals he failed to pursue the claims on appeal of the denial of the motion.

A claim must be presented at each step of the judicial process in state court to avoid procedural default. *Jolly v. Gammon*, 28 F.3d 51, 53 (8th Cir.), *cert. denied*, 513 U.S. 983 (1994). "Failure to raise a claim on appeal from the denial of a post-conviction motion erects a procedural bar to federal habeas review." *Id.* (citation omitted). Because Petitioner failed to raise the claims stated in Grounds 1 and 3 of the instant petition on appeal of the denial of his post-conviction motion, the federal court cannot reach the merits of the claims absent a showing of cause and prejudice, or a demonstration "that failure to consider the claims will result in a fundamental

miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Forest v. Delo*, 52 F.3d 716, 719 (8th Cir. 1995); *Keithley v. Hopkins*, 43 F.3d 1216, 1217 (8th Cir.), *cert. denied*, 515 U.S. 1163 (1995). Petitioner has not shown cause for his failure to raise the claims in state court.[1] In addition, because Petitioner makes no claim of actual innocence, he cannot satisfy the narrow "fundamental miscarriage of justice" exception to the required showing of cause and prejudice. *Schlup v. Delo*, 513 U.S. 298, 314-15 (1995); *Washington v. Delo*, 51 F.3d 756, 760-61 (8th Cir.), *cert. denied*, 516 U.S. 876 (1995) (the "fundamental miscarriage of justice" exception is narrow, "reserved for extraordinary circumstances and explicitly tied to a petitioner's actual innocence."). The claims raised in Grounds 1 and 3 of the instant petition thus are procedurally barred and must be denied.

## II.   Claim Addressed on the Merits

As stated above, in Ground 2 of his petition Petitioner asserts that the trial court erred in accepting his guilty pleas without a sufficient factual basis. (§ 2254 Petition, PP. 8-9). Petitioner raised this claim before the 24.035 post-conviction motion court, and the court denied the claim as follows:

> Rule 24.02(e) provides that the court shall not enter a judgment upon a plea of guilty unless it determines that there is a factual basis for the guilty plea. "The purpose of establishing a factual basis for a guilty plea is to aid in determining whether a plea of guilty has been entered voluntarily and intelligently." **Hamilton**

---

[1] Petitioner attempts to establish cause for the procedural default by asserting that his post-conviction appellate counsel erroneously abandoned the issues on appeal of the denial of his Rule 24.035 motion. (§ 2254 Petition, PP. 6-7, 10-11). There is no constitutional right to effective assistance of post-conviction counsel, however. *Coleman*, 501 U.S. at 752; *Jolly*, 28 F.3d at 54. Further, under Eighth Circuit law, "it is well-established that any alleged ineffective assistance of post-conviction counsel in failing to raise a claim is insufficient as a matter of law to serve as cause for procedural default." *Battle v. Dormire*, 2007 WL 803624, at *4 (E.D. Mo. Mar. 13, 2007) (citing *Clay v. Bowersox*, 367 F.3d 993, 1005-06 (8th Cir. 2004)). Therefore, to the extent Petitioner asserts the errors of his post-conviction attorney constitute cause to excuse his procedural default, the argument fails.

*v. State*, 300 S.W.3d 538, 540 (Mo.App. S.D. 2009). The Rule is not constitutionally based; its purpose is to aid in the constitutionally required determination that a defendant entered the guilty plea intelligently and voluntarily. *Orr v. State*, 179 S.W.3d 328, 329 (Mo.App. S.D. 2005).

"There is no particular ritual in establishing a factual basis for a guilty plea as required by Rule 24.02(e)." *Chipman v. State*, 274 S.W.3d 468, 472 (Mo.App. S.D. 2008). The focus is not whether a particular procedure was followed or details explained, but on whether the guilty plea was, in fact, made intelligently and voluntarily. *Huntley v. State*, 204 S.W.3d 668, 673 (Mo.App. S.D. 2006). Absent an abuse of discretion, a reviewing court will defer to the trial court's determination of whether a plea of guilty was voluntary. *Willoughby v. State*, 81 S.W.3d 676, 679 (Mo.App. S.D. 2002). Relief under the Rule is limited to errors of law that are jurisdictional, constitutional, or constitute a fundamental defect that inherently causes a complete miscarriage of justice. *Myers v. State*, 223 S.W.3d 165, 167 (Mo.App. S.D. 2006). The transcript clearly shows a factual basis for the guilty pleas, and movant[2] is not entitled to relief on this claim.

(Resp. Exh. B, PP. 51-52). Petitioner advanced the claim on appeal of the denial of his Rule 24.035 motion, and the Missouri Court of Appeals denied his claim as follows:

A court taking a guilty plea must find "a factual basis for the plea." Rule 24.02(e). This requires no particular ritual and is not a constitutional or jurisdictional rule. Rather, it aids in the constitutionally-required determination that a guilty plea be made intelligently and voluntarily. *Chipman v. State*, 274 S.W.3d 468, 472 (Mo.App. 2008). A plea is knowing and voluntary, for these purposes, if the defendant is informed of the elements of the offense at or before the plea hearing and understands them. *Cole* [*v. State*], 327 S.W.3d [589, 590 (Mo. App. 2010)].

If--as in this case--the information clearly charges the defendant with all elements of the crime, the nature of the charge is explained to the defendant, and the defendant admits guilt, a factual basis is established. *Browder v. State*, 326 S.W.3d 33, 35 (Mo.App. 2010). The focus is "not on whether a particular ritual was followed or every detail was explained," but "whether the defendant understood the nature of the charge against him." *Wagoner v. State*, 240 S.W.3d 159, 165 (Mo.App. 2007)....

At the plea hearing, Flint[3] expressly and unequivocally admitted that he committed the offenses charged, the essential elements of each charge, and that he was pleading guilty because he actually was guilty. Per *Cole*, *Browder*, and *Wagoner*, the motion court did not clearly err in finding no basis for relief.

---

[2] Petitioner is referred to as "movant" by the post-conviction motion court.

[3] Petitioner is referred to as "Flint" by the Missouri Court of Appeals.

- 4 -

> Moreover, after carefully and fully examining Flint under oath, the plea court found, *inter alia*, "that each of [Flint's] three separate pleas of guilty have each been made freely and voluntarily and with a full understanding of his rights and of the consequences of each of these three pleas of guilty." Flint does not challenge these findings, so his non-jurisdictional Rule 24.02(e) complaint is of no moment. ***See Cole***, 327 S.W.3d at 591.

*Flint*, 341 S.W.3d at 689-90.

With respect to federal court review of state court conclusions, 28 U.S.C. § 2254 states in pertinent part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Upon consideration, the Court finds that the decision of the Missouri Court of Appeals is entitled to deference. "There is no federal constitutional requirement that a state defendant's guilty plea have a factual basis, unless the defendant pleading guilty claims he is innocent of the relevant charge." *Mosby v. Russell*, 2011 WL 4501042, at *11 (E.D. Mo. Sept. 28, 2011) (citations omitted). The Missouri Court of Appeals found that Petitioner, at the plea hearing, "expressly and unequivocally admitted … that he was pleading guilty because he actually was guilty." *Flint*, 341 S.W.3d at 690. The record of the plea proceeding supports that finding. For each of the three guilty pleas, the judge asked Petitioner whether by pleading to the charge, he was admitting that he actually committed each act. (Resp. Exh. B, PP. 21-23). The judge also asked Petitioner whether "by

pleading guilty to this charge, [he was] telling the Court that [he was] in fact guilty of this crime." (Id., PP. 21-24). Petitioner answered affirmatively to each question asked. (Id.).

The Missouri Court of Appeals further found that the guilty pleas were knowing and voluntary. *Flint*, 341 S.W.3d at 689. "A guilty plea is invalid only if it does not represent a voluntary and intelligent choice among the alternative courses of action open to the defendant …. It is sufficient if the defendant is given notice of the charge or if he in fact knows of and understands that charge." *Easter v. Norris*, 100 F.3d 523, 525 (8th Cir. 1996) (citations omitted), *cert. denied*, 520 U.S. 1148 (1997). The Court of Appeals found that the information conveyed to Petitioner by the plea judge was sufficient for this purpose. *Flint*, 341 S.W.3d at 690 ("[Petitioner] expressly and unequivocally admitted that he committed the offenses charged, the essential elements of each charge, and that he was pleading guilty because he actually was guilty."). That finding is supported by the record. The plea judge advised Petitioner of the rights he was giving up by pleading guilty, the facts establishing the essential elements of each offense, and the possible sentence for each offense. (Resp. Exh. B, PP. 17-23). Petitioner affirmed that he understood everything the judge stated. (Id.).

"Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977). Therefore, "while a guilty plea taken in open court is subject to collateral attack, the defendant's representations during the plea-taking carry a strong presumption of verity and pose a formidable barrier in any subsequent collateral proceedings." *Bramlett v. Lockhart*, 876 F.2d 644, 648 (8th Cir.) (internal quotation marks and citations omitted), *cert. denied*, 493 U.S. 941 (1989). Under these circumstances, the finding of the Missouri Court of Appeals that Petitioner adequately was advised of the charges against him, and sufficiently understood those charges in order to make a constitutionally valid plea, was not

unreasonable in light of the evidence presented. Petitioner's request for habeas relief on this basis must therefore be denied.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF No. 1) is **DENIED**, and his claims are **DISMISSED** with prejudice. A separate Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998).


Dated this 25th day of April, 2013.


/s/Jean C. Hamilton
UNITED STATES DISTRICT JUDGE